Taxes; estate tax; refu/nd of interest on overpayment.— On October 28, 1976 the court entered the following order.
Before Cowen, Chief Judge, Davis, Judge and Behnett, Judge.
*373 “This case comes before the court on Plaintiffs’ Motion for Summary Ju'dgment and Defendant’s Cross-Motion for Partial Summary Judgment. Upon consideration of the motions, briefs and affidavits of the parties, and after hearing oral argument, the court finds:
“1. After the death of Paul E. Kern in 1969, two different documents purporting to be his last will were offered for probate. Under one document, known as the ‘Connecticut Will,’ only a small portion of his property would have qualified for the marital deduction for federal estate tax purposes, but a substantial portion would have qualified for the charitable deduction. Under the other document, known as the ‘New York Will,’ the maximum marital deduction would have been allowable, but there would have been no charitable deduction. There was extensive litigation among the proponents of the two wills, both on the issue of the domicile of Kern’s widow and the issue as to which will should be admitted to probate. It was not known at any time in 1970 which will would be admitted to probate and what the amount of federal estate tax would be. Therefore, the Preliminary Executors of Kern’s estate applied for and obtained an extension to May 3, 1971 for filing the estate tax return. At that time, the Internal Kevenue Service stated that the extension would not relieve the estate from the payment of interest on the unpaid tax.
“2. Under Section 6151(a) of the Internal Kevenue Code, the estate tax was required to be paid before November 3, 1970, and the Preliminary Executors determined that in order to comply with Section 6151(a) and minimize the imposition of interest, the estate tax payment should be made before November 3, 1970. It was estimated that if the New York will were probated, the federal estate tax would be approximately $973,000, whereas, if the Connecticut will were probated, the estimated tax would amount to either $619,000 or $609,000. It was then decided that the estate tax payment should be in the amount of $850,000, and on October 27,1970, the Preliminary Executors made a payment in that amount to the Internal Kevenue Service.
“3. In April 1971 the proponents of the two wills agreed that the Connecticut will should be admitted to probate, with a distribution to provide a substantial payment to the widow *374 in a form which qualified for the marital deduction for federal estate tax purposes. The agreement was contingent upon the receipt of a determination by the Internal Eevenue Service that the payment to the widow qualified for the marital deduction and also that other payments under the agreement qualified for charitable deductions for federal estate tax purposes. On August 19,1971, the Internal Eevenue Service determined that the estate was entitled to both deductions. Thereafter, on May 3, 1971, an estate tax return was filed indicating a federal estate tax of $168,223.43. The return was made and filed in accordance with the agreement made by the parties.
“4. In 1972, the Internal Eevenue Service refunded the difference between the tax paid on October 13,1970 and the amount shown in the return filed on May 3,1971.
“5. In 1972 and February 1973, plaintiffs received from the Internal Eevenue Service the sum of $56,613.37, which represented interest on the difference between the estate tax paid on October 13,1970 and the amount of estate tax due as shown on the return of May 3,1971.
“6. In 1974, the Internal Eevenue Service determined that the interest payments should not have been made, because they were considered as a deposit without assessment. The Internal Eevenue Service then demanded that plaintiffs refund the $56,613.37, plus $6,657.05 of statutory interest thereon, and this amount was paid by plaintiffs on April 23, 1974.
“7. After filing a timely claim for refund, plaintiffs brought this suit, and by stipulation filed May 5, 1976, all of the claims in plaintiffs’ petition were dismissed except their claim for statutory interest on the $56,613.37 paid to the Internal Eevenue Service on April 23, 1974. The defendant conceded that plaintiff was entitled to recover the $56,613.37, as statutory interest on a repayment, as well as the $6,657.05 of interest paid by plaintiff in 1974, and statutory interest thereon. Apparently these amounts were paid or credited to plaintiff.
“Based upon the foregoing, the court concludes as a matter of law:
“(a) The estate tax payment which plaintiffs made on October 27, 1970, was a remittance based upon a reason *375 able and bona fide estimate of the estate tax that would be due on the estate of Mr. Kern. Moreover, the payment Was made in the orderly discharge of the duties of. the Preliminary Executors, and was transmitted in accordance with established procedures of the Internal Revenue Service; and
“(b) Upon the authority of Northern Natural Gas Co. v. United States, 173 Ct. Cl. 881, 354 F. 2d 310 (1965) and cases therein cited, and because plaintiffs repaid the $56,613.37 to the defendant in 1974 on demand of the Government when that money was not owing to the Government, the $56,613.37 which plaintiffs paid to the Internal Revenue Service on April 23, 1974,. was an overpayment within the meaning of 26 U.S.C. § 6611(a) and Treas. Reg. 301.6611-1.
“it is therefore ordered that plaintiffs’- motion for summary judgment is granted and judgment is rendered in their behalf for statutory interest on $56,613.37 from the date it was paid by plaintiffs.
“it is further ordered that defendants’ motion for partial summary judgment be and the same is hereby denied.”